IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| MARION DENNIS MURRAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 109-134 |
| | ) |
| STATE OF GEORGIA; WARDEN'S | ) |
| AGENCIES; ALL OPPOSING COUNSEL | ) |
| AT LAW; STATE ATTORNEY | ) |
| GENERAL; GOVERNOR OF STATE; | ) |
| UNITED STATES; BRUCE CHATMAN, | ) |
| Warden; and BARACK HUSSEIN | ) |
| OBAMA, II, President of the United States,[1] | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently confined at Autry State Prison, in Pelham, Georgia, commenced the above-captioned case pursuant to, *inter alia*, 42 U.S.C. § 1983. Plaintiff is *pro se* and seeks to proceed *in forma pauperis* ("IFP"). After a review of Plaintiff's history of case filings and his complaint in this case, the Court, for the reasons set forth below, **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

---

[1] The **CLERK** is **DIRECTED** to change the docket to reflect the above-named Defendants. (Doc. no. 1, pp. 1, 4).

I.  **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[2]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

## II. DISCUSSION

**A.    Prior Filing History**

Plaintiff's history of filings reveals that he has brought at least three cases and/or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted: (1) Murray v. Clinton, Civil Case No. 599-464 (M.D. Ga. Dec. 27, 1999) (dismissed as frivolous); (2) Murray v. Clinton, Civil Case No. 599-417 (M.D. Ga.

---

[2]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

2

Nov. 4, 1999) (dismissed as frivolous); and (3) Murray v. Clinton, Civil Case No. 195-696 (N.D. Ga. Apr. 7, 1995) (dismissed as frivolous).

In each of these cases, Plaintiff filed a complaint that was dismissed as frivolous. Therefore, these previously dismissed cases qualify as strikes under § 1915(g). As Plaintiff has three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

## B. No Allegation of "Imminent Danger"

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in the above-captioned complaint supports a finding of "imminent danger" at the time Plaintiff commenced the above-captioned matter. Indeed, Plaintiff does not allege any facts in his complaint. Rather, Plaintiff's complaint consists of a rambling list of legal terms strung together without any explanation.

In sum, Plaintiff does not make any factual allegations, and his list of causes of actions does not support a finding of "imminent danger" at the time Plaintiff commenced the above-captioned matter. Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception of § 1915(g).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to proceed IFP be **DENIED** (doc. no. 2) and that this action be

3

**DISMISSED** without prejudice. If Plaintiff wishes to proceed with his case, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 24th day of November, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4